

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-22-00174-CR

_____

KIEERA DENICE EVANS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR03257

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On June 13, 2022, Kieera Denice Evans pled guilty, pursuant to a plea-bargain agreement, to aggravated assault with a deadly weapon.[1]  The trial court deferred the adjudication of her guilt; placed her on community supervision for ten years; ordered her to pay court costs, attorney fees, and reimbursement; and imposed a fine of $1,000.00.  Six weeks later, the State filed a motion to revoke Evans's community supervision and for a final adjudication of her guilt.  After a final hearing, in which Evans pled "true" to four of the State's allegations, the trial court found all of the State's allegations to be true, revoked Evans's community supervision, adjudicated her guilt, sentenced her to sixteen years' imprisonment, but did not impose any fine. This appeal followed.

Evans's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal.  Counsel provided a professional evaluation of the record and demonstrated why there are no arguable grounds to be advanced, as required by law.  *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(2).

Evans's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Evans with a copy of the brief and the motion to withdraw. Her counsel also informed her of her right to review the record and to file a pro se response and provided Evans with a copy of the appellate record. On March 9, 2023, we notified Evans that her pro se response was due on or before April 10, 2023. Also, by letter dated April 19, 2023, we notified Evans that the case would be submitted on briefs on May 10, 2023. Evans did not file a pro se response.

We reviewed the entire appellate record and independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). We also have authority to modify a certified bill of costs.[2] *See id.* at 298; *Haley v. State*, No. 06-22-00086-CR, 2023 WL 141021, at *3 (Tex. App.—Texarkana Jan. 10, 2023, no pet.) (mem. op., not designated for publication).

In this case, the certified bill of costs included an entry of $1,032.00 for "CRIMINAL FINES" and an entry of $25.00 for "TIME PAY." The order of deferred adjudication imposed a fine of $1,000.00. However, "when an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order

---

[2]"Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011) (citing *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009)).

deferring adjudication, including the previously imposed fine." *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). When the trial court adjudicated Evans's guilt and imposed her sentence, it did not orally pronounce a fine. Since the trial court did not orally assess a fine as part of her sentence, we modify the certified bill of costs by deleting the entry of $1,032.00 for "CRIMINAL FINES." *See id.*

Also, the Texas Court of Criminal Appeals has concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). Because appellate proceedings are still pending in this case, the assessment of the time payment fee is premature. *Id.* Consequently, we delete the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133. We further modify the certified bill of costs by deleting the entry of $25.00 for "TIME PAY."

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Therefore, we modify the certified bill of costs by deleting the entry of $1,032.00 for "CRIMINAL FINES" and by deleting the entry of $25.00 for "TIME PAY."

We affirm the trial court's judgment.[3]


Charles van Cleef
Justice

Date Submitted:    May 10, 2023
Date Decided:    May 11, 2023

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.